### In re SARSAR et al.

(District Court, W. D. Tennessee. January 8, 1903.)

1. BANKRUPTCY—INVOLUNTARY PETITION—WARRANT FOR SEIZURE OF PROPERTY PENDING PROCEEDINGS—PROOF—BOND—WAIVER.

Bankr. Act 1898, § 69 [U. S. Comp. St. 1901, p. 3450], providing for the issuance of a warrant for the seizure of the property of an alleged bankrupt against whom an involuntary petition in bankruptcy is pending, on "satisfactory proof by affidavit" that the bankrupt has committed an act of bankruptcy, or has neglected his property and that it has thereby deteriorated in value, and on the applicants for the warrant giving a bond conditioned on their indemnifying the bankrupt, does not authorize the court to issue a warrant for the seizure of an alleged bankrupt's property, against whom an involuntary petition is pending, on the application of the petitioning creditors, merely supported by the affidavit of the bankrupt, averring that he waives proof showing that he has committed an act of

bankruptcy, that he has neglected his property and that it has thereby deteriorated in value, that he waives the giving of the required bond, and that he agrees that the warrant may issue.

L. & E. Lehman, for bankrupts.

HAMMOND, J. This is an involuntary petition for an adjudication in bankruptcy, pending which the petitioning creditors apply for a warrant of seizure under section 69 of the bankruptcy statutes [U. S. Comp. St. 1901, p. 3450]. They present a petition supported by the affidavits of the bankrupts, in which they state that they waive the affidavit required on the part of the petitioning creditors by section 69; that they waive any proof required by that section that they have committed an act of bankruptcy; that they waive any proof that they have neglected or are neglecting or are about to neglect their property, and that it has deteriorated and is thereby deteriorating in value; that they waive any bond required by the said section preliminary to the granting of the warrant of seizure; and further they agree that the warrant may issue.

This application must be refused, as the court cannot permit it to issue except upon compliance with the conditions of the statute. It is sufficient to say that the statute does not expressly authorize any waiver of the requirements of this section by the bankrupt, nor does it seem to contemplate that they may be waived. It is true that the statute, in terms, states that the condition of the bond shall be to indemnify the bankrupt for such damages as he shall sustain in the event the seizure shall prove to have been wrongfully obtained; but non constat that this bond may not inure to the benefit of any one interested in the property of the bankrupt which should be wrongfully seized, and that, at least in a court of equity, one so injured might be subrogated to the rights of the bankrupt in that behalf. It is to be observed that, by this affidavit and consent of the bankrupts, they do not admit that they have committed an act of bankruptcy, nor do they admit that they have neglected their property, nor that they are about to do the same, nor do they consent to any adjudication upon the petition; but they simply waive the required proof of these facts by the creditors as a preliminary condition to the issuance of the warrant of seizure, and then they waive the required bond. This leaves the petition still pending, and the controversy raised upon it still to be settled. It amounts to a surrender of their property to the marshal upon an agreement with certain of the creditors pending the litigation, and establishes a character of custody by the marshal not at all contemplated by the statute. If congress had intended to sanction such a surrender, express provisions would have been made for it.

A surrender like that contemplated by the application is not at all necessary, because, if the defendants should consent to an adjudication in bankruptcy, a surrender of their property can be made to the referee or receiver, under rule 2 of this court regulating that practice. 109 Fed. iii. Moreover, it is doubtful if the marshal would be responsible on his bond for the proper care and custody of property surrendered to him as contemplated by the application,

since such a surrender is so far outside of any direct provisions of the statute authorizing it. The court does not overlook the objection that a submission to an adjudication in bankruptcy under the involuntary petition would or might prejudice those whose dealings with them within the four months preceding may be affected by the date of the adjudication. But this consideration might be avoided, if desired by the bankrupts, by the simple process of filing a writing admitting their inability to pay their debts, and their willingness to be adjudged bankrupts on that ground, but not on the ground stated by the creditors in the involuntary petition, as provided in section 3 (5) of the bankruptcy statutes [U. S. Comp. St. 1901, p. 3422]. This would avoid any adjudication on the involuntary petition as against those who might be interested in a denial of the acts of bankruptcy stated in the petition, or who might have received preferences contrary to the statute, which would be invalidated by a date fixed by the adjudication upon the involuntary petition. Creditors interested in resisting the involuntary petition might also appear, plead, and make defense thereto under section 18 (b) [U. S. Comp. St. 1901, p. 3429] of the statute, and there is no obligation on the part of the bankrupts to protect such creditors by the proceeding contemplated on this application for a warrant of seizure. At all events, I am unwilling to establish the precedent of issuing warrants under section 69 [U. S. Comp. St. 1901, p. 3450], except upon strict compliance with the provisions of that section, and think it is dangerous to establish the practice of allowing the preliminary conditions to be waived,—especially that condition relating to the giving of the bond.

Application denied.